UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| Christian Emory, | ) | CASE NO. |
| | ) | |
| *On behalf of himself and all others similarly situated,* | ) | |
| | ) | |
| | ) | JUDGE |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S CLASS AND** |
| *v.* | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| GIESEN | ) | |
| MANAGEMENT | ) | (Jury Demand Endorse Herein) |
| ASSOCIATES, LLC | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| DAVID GIESEN | ) | |
| | ) | |
| Defendants. | | |

Now comes Plaintiff, Christian Emory, by and through counsel, and for his Class and Collective Action Complaint against Defendants Giesen Management Associates, LLC (hereinafter also referred to as "Giesen Management Associates"), and David Giesen (hereinafter also collectively referred to as "Defendants"), states and alleges the following:

**INTRODUCTION**

1.      Plaintiff brings this case to challenge the policies and practices of Defendants Giesen Management Associates and David Giesen that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.

2.      Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective").

1

3.      Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of similarly situated persons under the Ohio wage-and-hour statutes and O.R.C. § 2307.60 (the "Ohio Class").

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b)(1) because Giesen Management is a Colorado limited liability company with a principal address of 3400 E Willamette Lane, Greenwood Village, Colorado, C 80121.

## PARTIES

7.      At all times relevant, Plaintiff Christian Emory was a citizen of the United States and a resident of Ohio.

8.      Defendant Giesen Management Associates is a Colorado for-profit limited liability company.

9.      Upon information and belief, David Giesen is the owner and operator of Giesen Management Associates, LLC.

10.     Plaintiff worked for Defendants' Freddy's Frozen Custard and Steakburgers restaurant in Zanesville, Ohio from approximately August 1, 2022 through approximately November 30, 2022.

## FACTUAL ALLEGATIONS

### Defendants' Business

11.     Giesen Management Associates is a "[r]estaurant management group with Slim Chickens, Dunkin', Arby's, and Freddy's Frozen Custard and Steakburgers brands." (See Giesen

Management Associates on Linked-In, Last Visited 11-07-2022).

12.     Defendants utilize hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class, in furtherance of their business purpose of operating their restaurant franchise locations.

13.     At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. Chapter 4111 and employed non-exempt hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class.

14.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

15.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

17.     Defendant David Giesen is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Giesen Management Associates, "in relation to employees," including Plaintiff and other members of the FLSA Collective and Ohio Class. Defendant David Giesen is also an employer pursuant to O.R.C. Chapter 4111 and Ohio Const. Article II, Section 34a, and had operational control over significant aspects of Giesen Management Associates' day-to-day functions, including but not limited to the scheduling of and compensation of employees.

18.     Defendants were each employers of Plaintiff and other members of the FLSA Collective and Ohio Class as each Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

19.     The FLSA and Ohio law "contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." "The remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications."

20.     Defendants are each employers of Plaintiff and other members of the FLSA Collective and Ohio Class pursuant to 29 C.F.R. § 791.2.

21.     As noted above, and at all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of Defendants' restaurant franchise locations – directly under Giesen Management Associates (which is a company entity owned and operated by Defendant David Giesen) – including Slim Chickens, Dunkin', Arby's, and/or Freddy's Frozen Custard and/or Steakburgers brand locations. Defendants were individually and jointly "employers" within the meaning of the FLSA and Ohio law as to each Ohio restaurant franchise location, regardless of brand name.

22.     At all times relevant, each of Defendants' restaurant franchise locations are wholly owned operations of Giesen Management Associates, the owner/proprietor of which is the named Defendant David Giesen.

23.     Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all hourly employees, including policies, practices, and procedures relating to payment of overtime wages. Defendants jointly maintained control, oversight, and direction over Defendants' hourly employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, and other practices.

24.     Defendant David Giesen is an owner and operator of Defendant Giesen Management Associates for each of Giesen Management Associates' restaurant franchise locations. Defendant David

4

Giesen exercises daily operational control over Defendant Giesen Management Associates' business operations, including making decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and personally issuing payroll and paychecks for hours worked to employees, for each of Giesen Management Associates' Ohio restaurant franchise locations, regardless of brand.

25.     As noted above, Defendants were each employers of Plaintiff and other members of the FLSA Collective and Ohio Class as each Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

26.     Defendant David Giesen fulfills the role of head corporate officer over Giesen Management Associates at all brand locations, leading corporate functions relating to wage and hour matters.

27.     Defendant David Giesen is the owner operating Giesen Management Associates as represented publicly to its employees, its customers, and the general public.

28.     Defendants share centralized control of labor relations and personnel over all franchise locations, regardless of the brand name. Defendant David Giesen personally manages, runs, and operates Giesen Management Associates restaurant locations through Giesen Management Associates.

29.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were "employees" of Defendants, who are joint employers.

30.     At all times relevant, the processing of payroll is maintained by Giesen Management Associates, regardless of franchise brand.

31.     Defendants jointly maintained control, oversight, and direction over Plaintiff and other members of the FLSA Collective and Ohio Class as to all franchise locations, including the promulgation

and enforcement of policies affecting the payment of wages for compensation.

32.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of Defendants' restaurant franchising business.   Defendants jointly operate Slim Chickens, Dunkin', Arby's, and/or Freddy's Frozen Custard and Steakburgers brands. They are all managed, owned, and operated directly under the Giesen Management Associates company.

33.     Defendant Giesen Management Associates' Ohio statutory agent for service of process is David Giesen, 3020 N. Wooster Avenue, Dover, OH 44622. 3020 N. Wooster Avenue, Dover, OH 44622 is one of Defendant David Giesen's Ohio franchise locations operating directly under the Giesen Management Associates entity, here, a Freddy's Frozen Custard & Steakburgers.

34.     Defendants share operational control over significant aspects of the day-to-day functions of Plaintiff and other members of the FLSA Collective and Ohio Class, including supervising and controlling Plaintiff's and other members of the FLSA Collective's and the Ohio Class's work schedules and conditions of employment between restaurant franchise locations. Each one of these Ohio franchise locations share the same legal entity of ownership and control.

35.     Defendants share common personnel management and human resources personnel between restaurant franchise locations.

36.     Likewise, Defendants shared authority to hire, fire and discipline employees, including Plaintiff and other members of the FLSA Collective and Ohio Class, between restaurant franchise locations.

37.     Defendants shared authority to set rates and methods of compensation of employees, including Plaintiff and other members of the FLSA Collective and Ohio Class, between restaurant franchise locations.

38.     Defendants shared control and maintenance of employment records, including payroll and timekeeping records, between restaurant franchise locations. Defendants utilized Giesen

Management Associates' bank accounts to make payments to employees at all of their franchise locations, regardless of brand. Giesen Management Associates is the legal entity that owns these bank accounts and issues payroll across all franchise locations, albeit whether the employee works at Slim Chickens, Dunkin', Arby's, and/or Freddy's Frozen Custard and Steakburgers locations.

39.     As above, Defendants shared financial control over all franchise locations, albeit whether an employee works at a Slim Chickens, Dunkin', Arby's, and/or Freddy's Frozen Custard and Steakburgers location. Again, Defendants' bank accounts, payroll accounts, and other financial accounts are maintained and operated under the Giesen Management Associates legal entity.

40.     Defendants do not operate or own separate corporations, limited liability companies, or other business entities in furtherance of their operation of the franchise locations. These franchise locations are operated and managed directly by Defendant David Giesen and Defendant Giesen Management Associates. By way of example, as noted above, Defendants utilized Giesen Management Associates bank accounts, including the JPMorgan Chase Bank account in the name of Giesen Management Associates, and/or other Giesen Management Associates accounts, to make wage payments to employees at all of their franchise locations.

41.     Defendants have shared and mutually benefitted from the work and services performed by Plaintiff and other members of the FLSA Collective and Ohio Class between restaurant franchise locations. Defendant David Giesen, through Defendant Giesen Management Associates, runs all of the locations.

42.     Between restaurant franchise locations, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and other members of the FLSA Collective and Ohio Class.

43.     Whether the restaurant franchise locations owned and operated by David Giesen, through Defendant Giesen Management Associates, are involved in the time editing and deduction

scheme to deprive their hourly workers of overtime wages. Defendant David Giesen's and Defendant Giesen Management Associates use common systems, *e.g.* same bank account, timekeeping and payroll providers.

44.     Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and other members of the FLSA Collective and Ohio Class between restaurant franchise locations.

45.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose between restaurant franchise locations through the Defendant Giesen Management Associates legal entity.

46.     Between restaurant franchise locations, Defendants provide services and products to customers by using a set formula when conducting business.

47.     Part of that set formula is the unlawful deprivation of wages to their employees as outlined in this Complaint.

48.     By way of example, as further outlined below, Defendants regularly automatically deduct from employee hours worked each shift for a purported "break," usually in the amount of 15 minutes. Defendants automatically deduct 15 minutes, or other similar amounts, regardless of whether a break is actually taken. This practice occurred across Defendants' restaurant locations.

49.     Defendant David Giesen and Defendant Giesen Management Associates have collectively engaged in a time editing and deduction scheme to deprive their hourly workers of overtime wages. This scheme applies to all of Defendant David Giesen's and Defendant Giesen Management Associates' hourly workers, again regardless of brand.

50.     As a result, each Defendant is responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Ohio law, and Defendants are a "single enterprise" or "single employer" for the purposes of the FLSA and Ohio law.

**Plaintiff's, the FLSA Collective's, and Ohio Class's
Non-Exempt Employment Statuses with Defendants**

51.     Plaintiff has been employed by Defendants from approximately July 28, 2022 to present as an hourly, non-exempt employee. Defendants classified Plaintiff as a non-exempt hourly employee, and paid Plaintiff at an hourly rate during his employment.

52.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

53.      At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

54.     Part of Plaintiff's and other members of the FLSA Collective's and the Ohio Class's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce. Part of Plaintiff's and other members of the FLSA Collective's and the Ohio Class's job duties included handling products that were manufactured and/or distributed in interstate commerce that were necessary for Defendants' commercial purpose. Part of Plaintiff's and other members of the FLSA Collective's and the Ohio Class's job duties included utilizing the internet, text messaging applications, and other instrumentalities of interstate commerce on a regular basis.

**Defendants' Failure to Pay for All Overtime Hours Worked to
Plaintiff and Other Members of the FLSA Collective and Ohio Class as a Result of
Defendants' Unlawful Practices and Policies**

55.     The FLSA and Ohio law required Defendants to pay overtime compensation to employees at the rate of one and one-half times their regular rate for the hours Plaintiff and other members of the FLSA Collective and Ohio Class worked in excess of forty (40). 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

56.     Plaintiff and other members of the FLSA Collective and the Ohio Class frequently worked more than forty (40) hours in a single workweek.

9

*Defendants' Time Editing Practices and Policies*

57.     Defendants failed to pay Plaintiff and other members of the FLSA Collective and the Ohio Class for all time worked while they were clocked in and working, including during workweeks when they worked more than forty (40) hours, as a result of Defendants' unlawful time editing practices and/or policies.

58.     Plaintiff's and other members of the FLSA Collective's and the Ohio Class's time worked was regularly edited by upper management, resulting in less time paid than time worked. As a result of Defendants time editing of compensable time worked, Plaintiff and other members of the FLSA Collective and the Ohio Class were not paid for all hours worked, including overtime hours worked. *See* 29 U.S.C. § 207.

59.     Plaintiff and other members of the FLSA Collective and the Ohio Class are required to clock into a time keeping system at the start of their legally compensable workday, and out at the end of their legally compensable workday. However, Plaintiff's and other members of the FLSA Collective's and the Ohio Class's hours are instead paid based on modified, inaccurate and/or incomplete records submitted to payroll. These modified, inaccurate and/or incomplete records do not include compensable work performed for Defendants at the start, middle, and/or end of the legally compensable workday as a result of Defendants' time editing practices and/or policies.

60.     Although Defendants suffered and permitted Plaintiff and other members of the FLSA Collective and the Ohio Class to work more than forty (40) hours per workweek, Defendants consistently failed to pay Plaintiff and other members of the FLSA Collective and the Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. § 785.11. Although hourly employees including Plaintiff and other members of the FLSA Collective and the Ohio Class regularly complete tasks that are required by Defendants, are performed for Defendants' benefit, and constitute part of their principal activities and/or are integral and

indispensable to their principal activities, hourly employees are not paid for all the time spent performing these tasks as a result of Defendants' time editing practices and/or policies. As a result, Plaintiff and other members of the FLSA Collective and the Ohio Class were not properly paid for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law, O.R.C. §§ 4111.03, 4111.10.

61.     Defendants' illegal pay practices were the result of systematic and company-wide policies originating at the upper management / executive level.

62.     Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and the Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendants' time editing practices and/or policies – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio law.

*Defendants' Unlawful "Break" Time Deduction Practices and Policies*

63.     Defendants regularly automatically deduct from employee hours worked each shift for a purported "break," usually in the amount of 15 minutes, across franchise locations. Defendants automatically deduct 15 minutes, or other similar amounts, regardless of whether a break is actually taken.

64.     This systematic automatic "break" deduction policy and practice violates the FLSA and Ohio law in several ways.

65.     First, and most consequentially, pursuant to the FLSA and Ohio law, when Plaintiff and other members of the FLSA Collective and the Ohio Class took or, as here where the breaks were automatically deducted, breaks of 19 minutes or less in duration the FLSA and Ohio law required them to be paid for this time. As provided for by 29 C.F.R. § 785.18:

> Rest periods of short duration, running from 5 minutes to about 20 minutes, are
> common in industry. They promote the efficiency of the employee and are

customarily paid for as working time. **They must be counted as hours worked.** Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time. (Emphasis added) (additional citation omitted).

66.     Second, Defendants' automatic break deduction policies and practices, which result in the docking of compensable hours and pay, are a *per se* violation of the anti- time docking regulations of the FLSA. 29 C.F.R. § 785.1. Defendants' automatic break deduction policies and practices caused Defendants to violate the FLSA and the Department of Labor's regulations by docking compensable hours worked and pay, and thereby failing to pay for all hours suffered or permitted to work.

67.     Third, Defendants automatically deducted the "breaks" from hourly employees' time worked despite the fact that Plaintiff and other members of the FLSA Collective and Ohio Class regularly did not receive and/or take bona fide meal periods. As provided for by the FLSA, 29 C.F.R. § 785.19:

> Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. **The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.** For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating [and must be compensated for this time worked]. (Emphasis added) (additional citation omitted).

68.     During the time that Plaintiff and other members of the FLSA Collective and Ohio Class had these automatic deductions applied they, among other things, attended to customers, accessed and interacted with the company computer system(s), and/or performed the duties they were required to perform during their shifts. The work Plaintiff and other members of the FLSA Collective and Ohio Class performed during these purported automatically deducted "breaks" was predominately for Defendants' benefit. Defendants' management employees and/or Plaintiff and other members of the FLSA Collective's and Ohio Class's supervisor(s) observed that Plaintiff and other members of the FLSA Collective and Ohio Class did not receive bona fide meal periods and/or performed work during

these automatically added "breaks."

69.     Plaintiff and other members of the FLSA Collective and Ohio Class were denied significant amounts of wages and compensation because of Defendants' failure to pay Plaintiff and other members of the FLSA Collective and Ohio Class for the unlawfully automatically added "breaks." Because Plaintiff and other members of the FLSA Collective and Ohio Class did not have a bona fide meal period under the wage and hour laws and attendant regulations, *see* 29 C.F.R. § 785.19, Defendants were not permitted to make the automatic deductions regardless of the amount of time deducted.

70.     In summary, Defendants manually edited Plaintiff's and other similarly situated employees' time records to reflect that they took a "break" when no break was taken. Defendants further did not compensate Plaintiff and other members of the FLSA Collective and Ohio Class for short breaks of 19 minutes or less during the workday regardless of the reason for the break. Finally, Defendants deducted for "breaks" when Plaintiff and other members of the FLSA Collective and Ohio Class were not completely relieved from their job duties in order to reduce labor costs and maximize profits.

71.     Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and the Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendants' deductions for "breaks" whether or not the "breaks" were actually taken, deductions for "breaks" that were 19 minutes or less in duration, and deductions for "breaks" when workers were not completely relieved from their job duties – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio law.

*Defendants' Straight Time for Overtime Practices and Policies*

72.     Instead of compensating Plaintiff and other members of the FLSA Collective and Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per

workweek, during one or more workweeks, Defendants paid Plaintiff and other members of the FLSA Collective and Ohio Class their regular, straight time hourly rates for overtime hours worked.

73.     Although Defendants suffered and permitted Plaintiff and other members of the FLSA Collective and Ohio Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and other members of the FLSA Collective overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek as a result of Defendants' straight time for overtime policies and practices.

74.     As a result, Plaintiff and other members of the FLSA Collective and Ohio Class were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

75.     Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and the Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendants' straight time pay for overtime hours worked policies and practices – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio law.

### *Defendants' Unpaid Training Time and Other Off the Clock Violations*

76.     Instead of compensating Plaintiff and other members of the FLSA Collective and Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, during one or more workweeks, Defendants did not pay Plaintiff and other members of the FLSA Collective and Ohio Class for off the clock training and other off the clock tasks.

77.     Defendants required Plaintiff and, upon information and belief, other members of the FLSA Collective and Ohio Class, to watch training videos and respond to and participate in non-de minimis work-related phone calls and text message conversations. Plaintiff and other members of the FLSA Collective and Ohio Class were not compensated for this compensable time spent working.

78.     Participation in the training was not voluntary, and was job related. *See* 29 C.F.R. § 553.226. Responding to and participating in phone calls, text messages, and other off the clock tasks was also mandatory but not paid.

79.     Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendant's off the clock

practices and policies – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio law.

80.     Defendants employ a policy or practice of failing and/or refusing to pay all earned hourly wages to employees. Defendants improperly and unlawfully retained hours worked and hourly wages rightfully earned and owed to Plaintiff and other members of the FLSA Collective and Ohio Class.

### *Defendants' Record Keeping Violations*

81.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

82.     Defendants failed to keep accurate records of hours worked of hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class. Thus, Defendants did not

record or pay all hours worked in violation of the FLSA and Ohio law.

### *The Willfulness of Defendants' Violations*

83.     Defendants knew that Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

84.     Defendants' systematic policies as alleged in this Amended Complaint and applied in practice were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the overtime laws, or with a reckless disregard for whether or not the policies and practices were in violation of these laws. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to overtime pay under Ohio and federal laws recited in this Amended Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required.

85.     In addition, O.R.C. § 4111.09 specifically provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the director of commerce, this conspicuously-placed posting includes the language: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week, except for employers grossing less than $150,000 per year."

86.     Defendants therefore knew about the overtime requirements of the FLSA and Ohio law or acted in reckless disregard for whether Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation.

87.     In addition, Defendants regularly, intentionally and willfully deducted time worked or paid straight time for overtime hours. These time deductions were done for the purpose of evading Defendants' obligations under the FLSA and Ohio law and demonstrate Defendants' willful and intentional policy of failing to pay all overtime hours worked at time and one half as required by the FLSA and Ohio law.

88.     Moreover, by denying Plaintiff and other members of the FLSA Collective and Ohio Class overtime compensation as required by the FLSA and Ohio law, Defendants' acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions requiring overtime pay under Ohio and federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the requirements of compliance as required.

89.     Plaintiff and other members of the FLSA Collective and Ohio Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260.

90.     Defendants intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio law.

91.     The above payroll practices resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219 and O.R.C. Chapter 4111 to the harm of Plaintiff and other members of the FLSA Collective and Ohio Class.

## COLLECTIVE ACTION ALLEGATIONS

92.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

93.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

17

be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

94.    The FLSA Collective consists of:

All current and former hourly employees of Defendants from three years preceding the commencement of this action to the present.

95.    Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

96.    Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

97.    Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the FLSA Collective consists of over 200 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

98.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

99.    Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the overtime laws of the State of Ohio and (the "Overtime Class"), defined as:

All current and former hourly employees of Defendants' who have worked at one or more of Defendants' restaurants in the state of Ohio from three years preceding

the commencement of this action to the present.

100.    Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under O.R.C. § 2307.60 (the "2307.60 Class"), defined as:

> All current and former hourly employees of Defendants' who have worked at one or more of Defendants' restaurants in the state of Ohio from one year preceding the commencement of this action to the present.

101.    The Overtime Class and the O.R.C. § 2307.60 Class are referred to collectively herein as the Ohio Class.

102.    The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of 200 or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

103.    There are questions of law or fact common to the Ohio Class, including but not limited to:

> a.  Whether Defendants' conduct as described above violates Ohio law governing payment of overtime compensation;
>
> b.  Whether Defendants denied employees overtime compensation under Ohio law where, among other things, employees were not paid wages for their overtime hours worked;
>
> c.  Whether Defendants denied employees compensable time where, among other things, employees were not paid wages for their hours worked and Defendants were unjustly enriched by the worked performed by their hourly employees; and
>
> d.  What amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendants' violations of O.R.C. §§ 4111.03, 4111.10, and for Plaintiff and the other members of the Ohio Class' O.R.C. § 2307.60 claims.

19

104.    Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

105.    Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

106.    The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

107.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

108.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

109.    Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

20

110.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

111.     Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

112.     Defendants did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

113.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

114.     As a result of Defendants' violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Overtime Violations)**

115.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

116.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03, on behalf of herself and other members of the FLSA Collective and Ohio Class.

117.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

118.     Defendants' failure to compensate overtime hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

119.     These violations of Ohio law injured Plaintiff and other members of the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

120.     Having injured Plaintiff and other members of the FLSA Collective and the Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law. O.R.C. § 4111.10.

## COUNT THREE
### O.R.C. 2307.60

121.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

122.     The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

123.     By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result.

124.     O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages. This includes violations of the FLSA. *See Oglesby v. FedEx Ground Package Sys.*, Case No. 3:20-cv-00346, 2021 U.S. Dist. LEXIS 150689 *11-13 (S.D. Oh. Aug. 10, 2021).

125.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) as to the FLSA Collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Overtime Class and 2307.60 Class;

C.     Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.     Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

E.     Award monetary relief to Plaintiff and other members of the FLSA Collective and Ohio Class in an amount sufficient to divest Defendants of the amounts gained by their unjust enrichment; and

F.     Award Plaintiff and the Ohio Class exemplary and punitive damages pursuant to ORC § 2307.60.

G.     Award Plaintiff and other members of the FLSA Collective and Ohio Class compensatory damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,


*s/ James S. Simon*
James L. Simon
SIMON LAW CO.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, Ohio
Phone: (216) 816-8696
Email: james@simonsayspay.com


*s/ Michael L. Fradin*
Michael L. Fradin, Attorney at Law (pro hac vice forthcoming)
Fradin Law, LLC
8 N. Court St. Suite 403
Athens, Ohio 45701
Phone: (847) 986-5889
Fax: (847) 673-1228
mike@fradinlaw.com

*Attorneys for Plaintiff*

23

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ James S. Simon*